UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GASPARD** | Civil Action |
| **VERSUS** | No. 10-131 |
| **ARAMARK CORPORATION ET AL.** | Section: J(3) |

### ORDER AND REASONS

Before the Court are Defendant Aramark US Offshore Services, LLC's ("Aramark") **Motion for Summary Judgment (Rec. Doc. 88)**, Plaintiff Travis P. Gaspard's ("Gaspard") **Opposition (Rec. Doc. 110)**, and Defendant Aramark's **Reply (Rec. Doc. 117)**.

### PROCEDURAL HISTORY AND BACKGROUND FACTS

Gaspard claims that on or about February 17, 2009 he was employed as a roustabout by Nabors Offshore, Inc., working aboard a Chevron oil platform.[1] Nabors contracted with Aramark to provide catering services on the platform. Aramark contracted with G&J Land & Marine Food Distributors, Inc. to package the groceries. Gaspard alleges that he was instructed to help offload groceries from an offshore supply vessel. Gaspard asserts in his complaint that he aggravated a pre-existing herniated disk while handling a box of frozen meat weighing seventy-eight pounds. As a result, Plaintiff's back now requires surgery and he has been unable to work. Gaspard filed the instant law suit against Chevron and Aramark on January 19, 2010 (Rec. Doc. 1).

---

[1] Both parties refer to an oil "platform," which apparently was a fixed structure. Under the Outer Continental Lands and Shelf Act, if Gaspard was injured on a fixed platform, Louisiana tort law is applicable as surrogate law. Rodrigue v. Aetna Cas. & Sur. Co., 395 U.S. 352 (1969); Grand Isle Shipyard, Inc. v. Seacor Marine, LLC, 89 F.3d 778 (5th Cir. 2009).

Aramark filed a third party complaint against G&J. (Rec. Doc. 14). Aramark asserted that G&J was under a contract to supply groceries to Aramark, further alleging that G&L had control over the packaging, contents and delivering of the groceries. Gaspard then filed a cross-claim against G&J, arguing that he suffered an injury due to G&J's negligence in packaging and in failing to provide mechanical aids for offloading, inter alia (Rec. Doc. 22). This Court granted G&J's motion to dismiss Aramark's third party complaint pursuant to Rule 12(b)(1) (Rec. Doc. 35). The Court subsequently granted G&J's re-urged motion to dismiss Gaspard's cross-claim (Rec. Doc. 105).

## THE PARTIES' ARGUMENTS

Aramark argues that in order for Plaintiff to hold Aramark liable, Plaintiff must prove that Aramark owed him a duty of care. In his Complaint, Plaintiff alleged that (1) Aramark negligently packed a box of groceries that was too heavy, and (2) Aramark did not properly supervise the unloading of groceries.

Aramark first contends that G&J–not Aramark–packaged the groceries and that Aramark is not liable for the actions of G&J. The Court has previously granted G&J's motion to dismiss on the grounds that it was not negligent in packaging the groceries. (Rec. Doc. 105.) Accordingly, the Court will move to Aramark's second argument.

Plaintiff argues that Aramark had a duty to supervise Plaintiff and control environmental safety. But, according to Aramark, Plaintiff's argument fails because Plaintiff was an employee of Nabors and at all relevant times was under Nabors' control. Aramark also avers that it had no right to control Nabors' safety procedures, nor did it exercise any control over them. Aramark explains that independent contractors, like itself, do not owe a duty to provide a safe work environment to the employees of other

2

contractors. Scindia Steam Navigation Co. v. De Los Santos, 451 U.S. 156 (1981).

Aramark points to evidence demonstrating that Nabors controlled Plaintiff's work. For example, Plaintiff was supervised and directed by a Nabors crane operator and tool pusher as part of the crew furnished by Nabors under the Master Service Agreement with Chevron. Nabors provided Plaintiff a job description that included "movement and relocation of supplies [including groceries]. . . throughout the rig and on and off service vessels . . . ." Nabors informed Plaintiff that he should expect to regularly lift and carry objects weighing 50-75 pounds and to occasionally lift objects weighing in excess of 100 pounds. If objects were too heavy, Nabors instructed Plaintiff to seek assistance from other employees or use mechanical devices. Plaintiff has acknowledged that he has received safety manuals detailing rules for lifting and that he underwent training on specific roustabout duties.

Plaintiff explains that at the time of his injury, he and other employees were organized in a chain-like formation, passing boxes from one employee to the next. Aramark acknowledges that Aramark employees assisted in the unloading process–Aramark employees were stationed in the freezer area (at the end of the chain-like formation) to open the boxes and place frozen contents into the freezer. However, Aramark insists that Plaintiff only received instructions from his Nabors supervisor, Jonathan Hammond. Aramark insists that its employees' participation and cooperation in the unloading process is not sufficient to establish that Nabors transferred control of the unloading operation to Aramark.

Finally, Aramark contends it is not the premises owner and therefore owed no duty to Plaintiff to keep the premises safe.

Plaintiff counters that Aramark is liable for breaching its duty to provide a safe workplace and to implement and follow safe procedures. Citing the deposition testimony of Keith Limbrick, an Aramark utility hand, Plaintiff claims that it was Aramark's responsibility to offload the groceries and store them for consumption. Plaintiff also points to the deposition testimony of Aramark utility hand, Alan Davis, Jr., who testified that Aramark enlisted the help of Nabors' hands because Aramark needed more manpower to unload the groceries. Davis also testified that shortly after Plaintiff's injury, Aramark began using dollies to unload heavy boxes of groceries. Plaintiff further argues that Aramark failed to conduct an investigation of Plaintiff's injury. Lastly, Plaintiff avers that Aramark had a written policy governing the process of unloading groceries, which includes conducting a safety meeting before any task was completed. Plaintiff explains that according to Aramark Manager John St. Pierre, the safety procedures were not followed on the day of his injury.

In its Reply, Aramark responds that Plaintiff ignores his own testimony that confirms he was taking orders from a Nabors employee. Rather, Aramark argues that Plaintiff chooses misleading snippets of testimony from Aramark's kitchen hands and distorts the reality of the situation. For example, Aramark points out that Limbrick's testified that the Nabors crane operator alerted everyone when the groceries arrived, that Nabors conducted their own job safety analysis, and that Nabors employees unloaded the boxes. Additionally, Aramark cites Davis's testimony that manpower was not an issue and that Nabors' unloading process was in place before the Aramark employees arrived on the rig.

**DISCUSSION**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co., 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. Little, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." Delta, 530 F.3d 399.

The Court has previously noted that it has dismissed Plaintiff's claims against G&L, finding that G&L was not negligent in packing the groceries. Accordingly, the only issue before the Court on summary judgment is whether Aramark breached a duty in failing to properly supervise the Plaintiff.

After reviewing the memoranda before it, the Court concludes that summary judgment in favor of Defendant Aramark is appropriate. The Court finds that Plaintiff was an employee of Nabors and at all relevant times was under Nabors' control. The Court agrees with Aramark that
Plaintiff ignores his own testimony which confirms he was taking orders from a Nabors employee. The snippets of testimony that Plaintiffs points to do not create a genuine

issue of material fact.

**IT IS ORDERED** that Defendant Aramark's **Motion for Summary Judgment (Rec. Doc. 88)** is hereby **GRANTED**.

New Orleans, Louisiana, this 2nd day of May, 2011.

_____
CARL J. BARBIER
U.S. DISTRICT COURT JUDGE